**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4530

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARC COTTON,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore. Richard D. Bennett, District Judge.
(1:05-cr-00409-RDB)

Submitted: January 19, 2007          Decided: March 6, 2007

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kenneth W. Ravenell, SCHULMAN, TREEM, KAMINKOW, GILDEN & RAVENELL,
PA, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United
States Attorney, Philip S. Jackson, Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marc Cotton pled guilty to possession with intent to distribute cocaine, pursuant to a conditional plea agreement that reserved his right to challenge the denial of his motion to suppress evidence found in his car. He contends that the district court improperly concluded that the officers had the reasonable suspicion necessary to arrange a canine sniff of his car. We affirm.

On August 24, 2005, between two and three o'clock in the afternoon, officers began surveilling an individual named Keith Waller. Waller was a federally convicted drug felon, and the officers had been told by a confidential informant that Waller was distributing large amounts of cocaine in Baltimore. For the next three to four hours, officers observed Waller meet "for a very short period of time" with at least three different people, twice in homes and once in Waller's car. An officer testified that the meetings bore the indicia of drug deals.

At around 7:30 p.m., Waller stopped near an intersection. His location was in an area known for drug-dealing and only a couple of blocks away from where approximately eight months before one of the officers had witnessed several deals. A BMW X5 vehicle pulled up and stopped, and the driver, later identified as Marc Cotton, got out of the BMW and got into Waller's car. After

staying for less than a minute, Cotton returned to his BMW and left.  The officers followed Cotton to a nearby Chinese restaurant.

Officers approached Cotton and identified themselves as police officers.  They told Cotton that they were investigating an armed robbery and that Cotton matched the description of the armed person.  An officer then asked Cotton where he was coming from, and Cotton responded that he was coming from his son's football practice.  He said that he came directly from practice and did not make any other stops.[1]

The officers then detained Cotton and called for a drug-sniffing canine.  Within fifteen minutes, the canine officer arrived, and the dog alerted to the presence of drugs in the vehicle.  The officers then arrested Cotton and obtained a search warrant for the car.  The search produced 500 grams of cocaine.

Officers are permitted, consistent with the Fourth Amendment, to "conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot."  Illinois v. Wardlow, 528 U.S. 119, 123 (2000); Terry v. Ohio, 392 U.S. 1, 30 (1968).  Reasonable suspicion requires more than a hunch but less than probable cause.  United States v. Perkins, 363 F.3d 317, 320 (4th Cir. 2004).  Officers conducting a

---

[1]The district court found that, because Cotton was not free to leave when he made this statement, it should be suppressed.  Thus, we do not consider the statement in our determination of whether reasonable suspicion existed to order the canine sniff.

- 3 -

lawful <u>Terry</u> stop may check for identification, question the suspect about his travel plans, briefly detain the suspect, and conduct a dog sniff. <u>See</u> <u>Illinois v. Caballes</u>, 543 U.S. 405, 409 (2005); <u>United States v. Hensley</u>, 469 U.S. 221, 232 (1985); <u>United States v. Bradford</u>, 423 F.3d 1149, 1156 (10th Cir. 2005). Thus, if there was reasonable suspicion to believe that Cotton was involved in criminal activity when the officers approached him, the officers properly arranged for a prompt canine sniff. Cotton does not dispute that, if the canine alert was proper, there was probable cause to issue the warrant. <u>See</u> <u>Caballes</u>, 543 U.S. at 409 (holding that positive canine alert may provide probable cause).

Several factors have been held to contribute to reasonable suspicion. One contributing factor is the defendant's presence in a high-crime area. <u>Perkins</u>, 363 F.3d at 320. Additionally, officers are permitted to draw on their experience and specialized training to make inferences from and deductions about cumulative evidence. <u>United States v. Arvizu</u>, 534 U.S. 266, 273 (2002).

The court based its ruling that there was reasonable suspicion upon the following facts: (1) the area was known for drug trafficking; (2) Cotton was observed parking his vehicle in the area, leaving his vehicle and entering another vehicle, remaining only briefly, and returning to his vehicle; (3) the vehicle Cotton got into was driven by Keith Waller, a convicted drug dealer;

- 4 -

(4) the police had confidential information that Waller was still dealing drugs; and (5) based on his training and experience, an officer concluded that this activity was consistent with a narcotics transaction. We find that these circumstance, taken together, provided the officers with reasonable, articulable suspicion that Cotton was engaged in criminal activity, thus justifying his detention and the canine sniff.

Cotton cites United States v. Sprinkle, 106 F.3d 613 (4th Cir. 1997), as a case with similar facts where we upheld the district court's granting of a suppression motion. However, we conclude that Sprinkle is distinguishable. In Sprinkle, an officer saw a relative, who had recently been in prison on narcotics charges, in a high crime area and sitting in a car. Sprinkle walked up to the car and sat in the passenger's seat next to the relative. The driver and Sprinkle huddled together, and Sprinkle put his hand in front of his face when he saw the officer. However, we held that the police did not have reasonable suspicion of criminal activity because the officers walked by and saw that the hands of the driver and Sprinkle were empty. Id. at 616-17.

While the officers in Sprinkle knew that the driver of the car was a convicted drug dealer, they had no information about his current activities or those of Sprinkle. Here, the officers had confidential information that Waller was dealing large quantities of drugs. In addition, they had observed Waller spend

his day conducting what appeared to be drug deals. Second, while the officers could plainly see that neither Sprinkle nor the other person had drugs or money in their hands, the officers in this case observed what appeared to be a drug deal between Waller and Cotton. Thus, the district court properly found that the officers had reasonable suspicion sufficient to conduct a <u>Terry</u> stop of Cotton and a dog sniff of his car.[2]

Because the positive alert was properly obtained, it was properly included in the affidavit and provided ample support for the finding of probable cause. Accordingly, the warrant was properly issued, and we therefore affirm Cotton's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[2]This holding calls into question the district court's determination that Cotton's false statements to the police should be suppressed. However, that ruling is not before us on appeal.